IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Henry Lee Jackson Jr., ) | |
| ) | Criminal Case Number: 7:03-431-MBS |
| Movant, ) | |
| ) | |
| v. ) | **AMENDED OPINION AND ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Henry Lee Jackson Jr. ("Movant"), an inmate in the custody of the Federal Bureau of Prisons, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 84.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 9, 2003 Movant was indicted for felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One). ECF No. 1. Movant pleaded guilty to Count One pursuant to a written plea agreement on June 30, 2003. ECF No. 19. Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The Probation Officer designated Movant as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e), which increased Movant's Base Offense Level from 24 to a Total Offense Level of 30, with a Criminal History Category of V. Movant's career criminal designation was based on five convictions for Assault and Battery of a High and Aggravated Nature ("ABHAN"). Pursuant to the United States Sentencing Guidelines ("Guidelines"), Movant's guideline range was calculated at 180 to 188 months imprisonment, with not more than five years supervised release. At sentencing, the government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). ECF No. 28. The

court granted an oral motion to depart downward from the Guidelines and on November 12, 2003, the court sentenced Movant to 120 months imprisonment, with a supervised release term of 5 years.[1] ECF No. 30 at 2–3.

Movant filed the within § 2255 motion on August 23, 2017. Movant, appearing through counsel, asserts that, in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. __, __ 135 S. Ct. 2551, 2557 (2015), and *Welch v. United States*, 578 U.S.__, __ 136 S. Ct. 1257, 1265 (2016), Movant does not have the requisite number of qualifying predicate offenses to be found an armed career criminal. ECF. No. 82. On September 14, 2017, Respondent filed a motion to dismiss, or, alternatively, for summary judgment on the grounds that the § 2255 motion is untimely. ECF No. 84. Movant filed a response to the Respondent's motion on September 21, 2017. ECF No. 86.

## II.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, a one-year statute of limitations applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Movant's supervision commenced on January 26, 2012. ECF No. 35. Since being on supervision, Movant has had two separate supervised release revocations. ECF No. 50, 63. For the first revocation, on August 6, 2013, Movant was sentenced to time served and continued on supervision. ECF No. 50. For the second, on April 3, 2015, Movant's original term of supervised release was revoked and he was sentenced to ten months incarceration followed by twenty-four months of supervised release. ECF No. 63. Currently, Movant is facing his third revocation proceeding based on a March 14, 2016, supervision violation. ECF No. 81.

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Thus, under § 2255(f)(3), Movant's motion will be timely if "(1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from 'the date on which the right asserted was initially recognized by the Supreme Court,'" 28 U.S.C. § 2255(f)(3), and (3) the Supreme Court or this court has made the right retroactively applicable.' *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017). Movant asserts that he is entitled to relief based on the Supreme Court's decision in *Welch* which held that *Johnson* is retroactive. ECF No. 82. Additionally, Movant argues that without the enhancement under § 924(e), the maximum term of supervised release could have only been three years. ECF No. 82 at 1. *See* 18 U.S.C. § 3583(b)(2). Movant further contends that without the enhancement, the maximum penalty for any violation of supervised release would be two years. ECF No. 82 at 2. *See* 18 U.S.C. § 3583(e)(3).[2] Respondent does not dispute that Movant would no longer qualify as an armed career criminal. *See* ECF No. 84 at 3 n.2. Respondent does, however, contend that Movant's motion is time barred, and therefore should be dismissed. *Id.* at 3.

*Welch* was decided on April 18, 2016. Thus, the one year statute of limitations defined in § 2255(f)(3) ran on April 18, 2017. Movant filed his Motion on August 23, 2017, more than four months after the statute of limitations expired. ECF No. 82. Movant does not dispute that he filed his § 2255 motion outside of the statute of limitations; however, Movant claims he is entitled to equitable tolling.

---

[2] Movant erroneously cited to 18 U.S.C. § 3553(e)(3) in his brief.

A movant may be entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Generally, "'[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Grant v. Bush*, No. 6:14-CV-01313-DCN, 2015 WL 4747104, at *8 (D.S.C. Aug. 11, 2015) (quoting *Allen v. Johnson,* 602 F. Supp. 2d 724, 727–28 (E.D. Va.2009)). However, where a Movant who was transferred between federal and state facilities, unaware of recent Supreme Court decisions, immediately filed his untimely petition within weeks of learning of the new decisions, a court concluded that equitable tolling was appropriate. *Salley v. United States*, 938 F. Supp. 2d 580, 584–85 (D.S.C. 2013).

Movant asserts that he was in the custody of the South Carolina Department of Corrections ("SCDC") serving a three year sentence underlying the pending supervised release violation when the government secured a federal warrant for his arrest on March 18, 2016, one month before the *Welch* decision came down. ECF No. 86 at 3. However. Movant was not taken into federal custody until July 27, 2017. ECF No. 70. Movant was not provided counsel until August 1, 2017, after the § 2255(f)(3) statute of limitations had run and despite his request

4

that the court "order the government to get a Writ ad Prosequendum so that [Movant could] be brought in prior to the expiration of [his] state sentence." ECF No. 86; ECF No. 67 at 4. Movant claims that had the government acted on his petition in a timely manner, he would have been able to timely file his motion. ECF No. 86. Movant filed his untimely motion within weeks of entering federal custody.

While transferring facilities is generally not considered "extraordinary," Movant was in state custody at the time *Welch* was decided. Without knowledge of the decision, Movant would have had no reason to file his motion. *See Salley*, 938 F. Supp. 2d at 584–85. Furthermore, Movant's request to the court during his stay in state court and his quick filing of his untimely Motion evidences his diligences in bringing his claim. Lastly, Respondent's concession that, had the motion been timely, Movant would be entitled to resentencing and would no longer be considered a career criminal, further supports the notion that it would be unconscionable to enforce the limitation period. The court finds that equitable tolling is appropriate in this case.

### III.     CONCLUSION

Respondent's motion to dismiss § 2255 motion as untimely is **DENIED**. Movant's Motion to Correct Sentence pursuant to § 2255 is **GRANTED.** A hearing for resentencing will be scheduled.

**IT IS SO ORDERED.**

 s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

October 26, 2017
Nunc pro tunc date: October 16, 2017
Columbia, South Carolina